ALLEN P. ALDRICH *vs.* JAMES H. T. ADAMS & others.

Suffolk.    March 25, 1896. —May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Equity Practice — Finding of Single Justice — Bona Fide Purchaser.*

A decree of a justice of the Superior Court sitting in equity, in a cause heard before him on oral evidence, and which is heard in this court on appeal upon a report of the same evidence only, will not be reversed on a question of fact, unless it clearly appears to be erroneous.

Upon a bill in equity against A. and B., among others, to reopen a foreclosure sale of mortgaged premises, to set aside subsequent conveyances of the same, and to redeem the premises from the mortgage, B. testified that A. ran after him on the street at about eight o'clock in the morning a few days after the foreclosure sale, proposed the purchase of the premises at a price which, if he had known the assessed value or held his present opinion, he should have deemed excessive, wanted the matter decided on the spot, asked for a small sum down and was content to leave the rest of the price on mortgage, told him the story of the premises and read the advertisement of foreclosure aloud, and finished the bargain in eight or ten minutes ; that at the agreed time the deeds were executed and recorded without further examination ; and that he had made no further payments, and had had large dealings with A. for seven or eight years. *Held*, that this evidence was sufficient to warrant a finding that B. was not a *bona fide* purchaser.

BILL IN EQUITY, filed in the Superior Court on October 31, 1894, against James H. T. Adams, Mary M. Adams, Michael A. Parsons, and John W. Deering, to reopen a foreclosure sale of mortgaged premises in Boston, to set aside subsequent conveyances of the same, and to redeem the premises from the mortgage. At the hearing, before *Dunbar*, J., a decree was entered for the plaintiff ; and the defendants appealed to this court. The facts material to the point decided appear in the opinion.

*F. W. Adams*, for the defendants, submitted the case on a brief.

*W. F. Kimball*, for the plaintiff.

HOLMES, J.   This is a bill brought to reopen a foreclosure, and to set aside some subsequent conveyances, and to redeem. The case comes here by appeal on the evidence, and presents no question of law.   The evidence shows that the judge who tried the case was justified in finding that the mortgaged premises have not come into the hands of a *bona fide* purchaser, that the case is to be dealt with as one between the plaintiff and the mortgagee, and that as between them the foreclosure sale could not stand.   Indeed, the only point which seems to present any question is whether the defendant Deering was a *bona fide* purchaser, assuming in the defendant's favor, without deciding, that there was an outstanding technical breach of condition sufficient to prevent the sale from being absolutely void.   His own account of his purchase was enough to warrant the finding. He says that the defendant Adams ran after him in the street about eight o'clock in the morning a few days after the sale, proposed the purchase at a price which, if he had known the assessed value or held his present opinion, he should have deemed excessive, wanted the matter decided on the spot, asked for one hundred and fifty dollars down and was content to leave the rest of the price on mortgage, told him the story of the premises and read the advertisement of foreclosure aloud, and finished the bargain in eight or ten minutes.   At the agreed time the deeds were executed and recorded without further examination.   Deering has made no further payments as yet, and has had large dealings with Adams for seven or eight years. If the judge who saw the witnesses drew an adverse conclusion, we cannot say that he was wrong, although no doubt there are some considerations to be urged on the other side which it is not necessary to state.

We may add, that according to Adams's testimony he foreclosed for nonpayment of interest, but that before the sale the sum due was paid as interest, although there was an attempt when it was received to give the payment a different turn.

*Decree affirmed.*