PAUL G. CHRISTIANSEN *vs.* JOSEPH J. LANNIN, trustee.
GEORGE U. CHRISTIANSEN *vs.* SAME.
PAUL G. CHRISTIANSEN & another *vs.* SAME.
HILDA CHRISTIANSEN *vs.* SAME.

Suffolk.    March 26, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Watercourse. Agency,* Existence of relation, Independent contractor.

In an action for obstructing a natural watercourse and thus turning back the water on the plaintiff's land to his damage, there was evidence that the watercourse after crossing the plaintiff's land in a covered pipe emerged near land of the defendant, that the defendant in grading his land raised the surface of the earth about three and a half feet near the opening of the pipe, that a contractor had agreed to do the grading work for the defendant "as directed" and had caused it to be done by a subcontractor as the defendant directed, that the principal contractor, when on the land with the defendant, pointed out to the defendant the opening of the pipe and said that he had put some sticks and stones there, and that the defendant thereupon told him to leave it as it was. *Held,* that the evidence warranted a finding that the defendant had retained a directory control over the manner in which the grading was done, and that, if the watercourse was obstructed by such work, the defendant could be found to be liable for the damage caused by the obstruction.

FOUR ACTIONS OF TORT by different plaintiffs against the same defendant, each for the alleged obstruction of a watercourse flowing through the land of the plaintiff, whereby the plaintiff's land was flooded and injured. Writs dated, the first three on August 20, 1910, and the fourth on November 29, 1912.

In the Superior Court the four cases were tried together before *Stevens, J.* The facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to make in each of the cases the following rulings:

"1. Upon all the evidence the defendant is entitled to a verdict in his favor as a matter of law.

"2. There are no facts upon which the jury will be warranted in finding for the plaintiff.

"3. The evidence shows that the acts complained of were those of an independent contractor, and not those of the defendant, and he is entitled to a verdict."

The judge refused to make any of these rulings, and submitted the cases to the jury, who returned a verdict for the plaintiff in each of the four cases. The defendant alleged exceptions.

*J. P. Leahy,* for the defendant.

*S. C. Rand,* (*J. L. Hall* with him,) for the plaintiffs.

RUGG, C. J. These are actions of tort, each to recover damages resulting from the obstruction of a natural watercourse whereby water came upon the plaintiff's premises. The watercourse crossed the plaintiff's land in a covered pipe which opened near to land owned by the defendant. The defendant graded his land. There was evidence tending to show that during the performance of this work earth covered the mouth of the drain, causing damages to the plaintiffs. The only question presented is whether upon any view of the evidence the defendant could be held liable. There was evidence tending to show that the defendant made a contract with one McLane to "do all rough grading as directed," and that McLane, although he let the grading to a subcontractor, caused the work to be done as the defendant directed, and that the level of the surface of the earth at the rear of the lot, near the opening of the watercourse, was raised about three feet and a half. At this place there was a slope and no retaining wall. The jury also might have found that while the defendant and McLane were

upon the premises the latter pointed out to the defendant the opening of the pipe and said he had put some sticks and stones there. Whereupon the defendant told him to leave it as it was. It is not necessary to detail the evidence further. That which has been narrated, if believed by the jury, would justify a finding that the defendant retained an active directory control over the manner in which the grading and filling was done. If the watercourse was thereby obstructed to the damage of the plaintiffs the defendant might have been found responsible for it. *Linnehan* v. *Rollins,* 137 Mass. 123. *Mahar* v. *Steuer,* 170 Mass. 454.

*Exceptions overruled.*