HEATH HUGHES *vs.* JOSEPH E. WILLIAMS.

Middlesex.    December 9, 1913. — June 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Sale,* On execution.    *Attachment.    Bona Fide Purchaser for Value.    Evidence,*
To show knowledge by attaching creditor of defective title of debtor.

In order to prove that a creditor, who in an action for the collection of his debt
caused an attachment of land standing in the name of his debtor to be made,
had knowledge of the fact that the debtor before the attachment had delivered
a deed of the premises to another, it is not necessary to prove positive knowl-
edge on his part, but intelligible information of the fact, conveyed to him
either orally or in writing from a source which ought to be heeded, is evidence
upon which such knowledge can be found.

If a petitioner for the registration of the title to certain land purchased the land at
a sale upon an execution issuing in an action in which it had been attached upon
mesne process, and at the time of the sale the petitioner knew that before the
attachment was made the debtor had delivered a deed of the land to another
who had not recorded it, the title should not be registered unless the petitioner
proves that at the time of the attachment the attaching creditor did not have
knowledge of such a deed by the debtor; and, while at the trial of such an issue
evidence is admissible as to conversations with and conduct on the part
of the creditor before the attachment, tending to show such knowledge on his
part, evidence of statements made by the creditor or his attorney after the
attachment are irrelevant and inadmissible.    In the present case error in the
admission of such evidence was held not to have been cured by certain instruc-
tions given to the jury, and exceptions thereto were sustained.

PETITION, filed in the Land Court on August 11, 1909, for
the registration of the title to land on Cambridge Street in
Cambridge.

The petition was heard in the Land Court by *Davis,* J., who or-
dered a decree for the petitioner.    Upon an appeal by the respond-
ent under St. 1905, c. 288, the issues stated in the opinion were
framed and were tried before *Hardy,* J.    Other proceedings and
the evidence at the trial are described fully in the opinion.    The
findings upon the issues were favorable to the respondent; and
the petitioner alleged exceptions.

*A. P. Gay,* for the petitioner.

*G. C. Dickson, (F. Paul* with him,) for the respondent.

BRALEY, J.   The petitioner, under his application for registration in fee of the land in controversy, had the burden of proving title in himself, which did not shift, although the weight or preponderance of the evidence might change from one side to the other during the proceedings. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536. *Faxon* v. *Folvey,* 110 Mass. 392, 395. Jackson on Real Actions, 156, 157, 158.

It appears that he derives his alleged ownership from a sheriff's deed given on an execution sale under an attachment made in an action brought by one Duckrey against one Jones. The respondent had owned the land for several years when he deeded it to Jones and this deed was duly recorded, but the reconveyance of even date from Jones to Williams, who has always remained in possession, was not recorded; and during the time when the record title stood in the name of Jones the property was attached on mesne process by Duckrey, although the junior conveyance was recorded before the execution sale, which followed upon the recovery of judgment. The Land Court having ordered a decree for the petitioner, the following issues were certified into the Superior Court for trial:

1.   Did James H. Duckrey before his attachment of the property in question have actual knowledge of the existence of the deed back from Jones to Williams of July 5, 1901?

2.   Did the respondent Williams permit the execution sale to go on without protest?

3.   Was the petitioner Hughes a purchaser of said property for value?

4.   Was the petitioner Hughes informed before he purchased said property at the execution sale that the beneficial interest was in Williams; and that Jones had a bare record title?

The jury answered the first, third and fourth issues in the affirmative, and the second issue in the negative.

During the trial the petitioner took exceptions to the admission of evidence, to the refusal of the presiding judge to rule as requested, and to his instructions to the jury, which will be considered in this order.

If the amendment offered by the respondent in substitution for the fourth issue had been allowed, the question to be tried would

have been more clearly stated, yet the construction adopted by the judge of the Superior Court as to what this issue meant presented the essential inquiry, whether the petitioner at the sale on execution was a purchaser for value without notice of the unrecorded deed. *Luce* v. *Parsons*, 192 Mass. 8. *Christiansen* v. *Lannin*, 215 Mass. 322. *Clark* v. *Watson*, 141 Mass. 248. The petitioner although purchasing at an execution sale is protected equally with the purchaser who buys at a private or voluntary sale from the claims of third parties, acquired from the judgment debtor, but of which he has no actual or constructive notice. *Woodward* v. *Sartwell*, 129 Mass. 210. It is conceded that a valuable consideration passed, but the mere payment of the purchase price and delivery of the deed by the deputy sheriff are of themselves insufficient to establish priority of title. *Wenz* v. *Pastene*, 209 Mass. 359, and cases cited. The respondent, having recorded his deed after the attachment but before the levy, there was evidence that the petitioner was informed by counsel whom he employed to examine the title that the deed appeared of record, and notwithstanding the petitioner's testimony in denial, the jury were warranted on this evidence and the further testimony of his having been told by other parties that the property belonged to Williams in finding that previous to the purchase the petitioner knew the respondent at the date of the attachment was seised in fee of the land as between himself and Jones.

The obscure wording of the fourth issue cannot do away with the full effect of the affirmative answer of the jury which established the fact of notice, and, to prevail, the petitioner must stand on the title as shown by the land records at the date of the attachment. *Adams* v. *Cuddy*, 13 Pick. 460, 464. *Glidden* v. *Hunt*, 24 Pick. 221. *George* v. *Wood*, 9 Allen, 80, 83. *Morse* v. *Curtis*, 140 Mass. 112.

The first issue accordingly was framed to try the question of the knowledge of Duckrey, the attaching creditor. If he did not have actual notice of the unrecorded deed at the date of the attachment, May 24, 1906, the petitioner, even if chargeable with notice at the sale, would succeed to Duckrey's title by force of the levy. R. L. c. 127, § 4. *Coffin* v. *Ray*, 1 Met. 212. *Woodward* v. *Sartwell*, 129 Mass. 210. *Livingstone* v. *Murphy*, 187 Mass. 315.

The petitioner's exceptions to the admission of evidence are largely connected with this issue. The petitioner's title under the first issue depends upon Duckrey's knowledge, for the petitioner stands in Duckrey's place with its disabilities as well as its advantages. *Glidden* v. *Hunt*, 24 Pick. 221, 226. *Aldrich* v. *Adams*, 166 Mass. 141, 142. The inquiry is a question of fact. It is not necessary to prove positive knowledge. "Intelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered as notice of it, except in cases where particular forms are necessary." *George* v. *Kent*, 7 Allen, 16, 18. The exceptions recite that apart from the evidence excepted to, "there was evidence from the respondent's witnesses tending to show that Duckrey knew the nature of and the reasons for the transfer of the property in question from Williams to Jones and that he had such knowledge at the time of such transfer; that Duckrey knew of the reconveyance of the property from Jones to Williams and that he had such knowledge at about the time of such reconveyance; that Duckrey upon many occasions long before the attachment in question, told different persons that the property was 'Williams' property;' that Duckrey always knew of Williams' occupancy of the property; that Duckrey had actual notice of the unrecorded deed of July 5, 1901, from Jones to Williams long before he made his attachment . . . , and that he made said attachment with knowledge of the existence of said unrecorded deed."

The question of Duckrey's knowledge, which had become a matter for investigation, being involved, evidence as to conversations with him before the attachment, as well as his conduct prior thereto were admissible and the effect of this evidence was for the jury. It was evidence even if cumulative, tending to show that he knew of the actual state of the title at the time when he caused the attachment to be made. *Adams* v. *Cuddy*, 13 Pick. 460, 464. *Lawrence* v. *Stratton*, 6 Cush. 163, 167. *Toupin* v. *Peabody*, 162 Mass. 473, 478. *Sturbridge* v. *Franklin*, 160 Mass. 149. *Keane* v. *Old Colony Railroad*, 161 Mass. 203. *Fowle* v. *Child*, 164 Mass. 210, 213. *Buffum* v. *York Manuf. Co.* 175 Mass. 471. *Marcy* v. *Shelburne Falls & Colrain Street Railway*, 210 Mass. 197, 199. But the statements of Duckrey or of his counsel

subsequently made should have been excluded. His declarations after the date of the attachment were inadmissible to impeach the title of the petitioner who is to be treated as if on May 24, 1906, Duckrey had conveyed the land by deed. It is the title of Duckrey at that time which the petitioner obtained. *Winchester* v. *Charter,* 97 Mass. 140. *Rawson* v. *Plaisted,* 151 Mass. 71. *O'Donnell* v. *Hall,* 154 Mass. 429, 431. It is true that the judge said that he admitted the evidence for a limited purpose, "to show what Duckrey's knowledge was of the property. It does not affect Hughes." Duckrey's knowledge, however, after the date of the attachment was immaterial and the evidence could not fail to have been prejudicial to the rights of the petitioner as the successor to Duckrey's title. Nor was this error cured by the instructions. The jury were erroneously told in effect that they could consider the evidence "as bearing upon the knowledge that Duckrey had as to this title."

The request for a ruling that "the 'beneficial interest' mentioned in the fourth issue means something other than the interest which the respondent Williams had as holder of the legal title under the deed from Jones to him of July 5, 1901," was properly refused for reasons sufficiently stated.

The request, that there is no evidence that Williams had any interest in the property other than as holder of the legal title, was given in the charge. The judge could not rule in accordance with the next request "that there is no evidence upon which the jury can answer the fourth issue in the affirmative." It appeared from the testimony of the respondent admitted without objection, in his direct examination, that the petitioner had been told by Duckrey not to buy and had been informed that it was his, the respondent's, and not Jones's property, and notwithstanding this information the petitioner had bought. Whether the petitioner was to be charged with notice on all the evidence was for the jury. *Boynton* v. *Rees,* 8 Pick. 329, 332.

The request, that the evidence of continued possession and occupation of the premises or the payment of taxes by the respondent was of itself wholly insufficient to warrant the conclusion that Duckrey had actual knowledge of the deed in question, and that the testimony of the respondent's witnesses that Duckrey, before the time of his attachment, had said that "he did n't

want to put an attachment on Jones because he knew Jones held Williams's property and that he did not want to hurt Williams," does not warrant the conclusion that Duckrey then had actual knowledge of the unrecorded deed back from Jones to Williams, called for instructions on a part only of the evidence which the judge was not required to give. *Hicks* v. *New York, New Haven, & Hartford Railroad,* 164 Mass. 424, 428. Besides the judge in appropriate language fully pointed out what the jury must find on the evidence before the respondent could prevail on any of the issues.

The last request, that "It is Duckrey's actual knowledge of the existence of the deed back from Jones to Williams, not his knowledge of Williams's ownership of the property that is the question in the first issue, and proof that Duckrey had stated he knew, or proof that he had been told that Williams owned the property or that the property belonged to Williams, is not of itself sufficient to warrant the jury in answering the first issue in the affirmative," was sufficiently covered by the instructions. It could not have been given in terms. *Sibley* v. *Leffingwell,* 8 Allen, 584, 586. *Boynton* v. *Rees,* 8 Pick, 329, 332.

It is further urged that the charge was erroneous. But we find no error except as previously noted. The jury properly were allowed to pass upon the questions raised by the first issue under instructions, that the entire interest in the premises, legal as well as beneficial, was in Williams as between himself and Jones. The instructions under the second issue rightly left to the jury the question whether the respondent protested to Duckrey and objected to the sale, and if Duckrey promised to go and see what could be done in stopping the sale, then the jury could find that Duckrey was to act in the respondent's behalf. The evidence admitted without objection, shows that Duckrey reported to Williams, that he "had done all he could to prevent Hughes from buying, that he told Hughes not to buy, that he told Hughes it was Williams's property, not Jones's, and that Hughes bought in spite of him." The ruling as to the burden of proof as to this issue was also correct. If the petitioner relied upon Williams's conduct as working an estoppel, he was required to prove it.

The instructions concerning the knowledge of the petitioner as to the condition of the title at the date of the execution sale were

warranted by the evidence. The jury could find the petitioner had been informed by counsel employed by him to examine the record, that at the date of the attachment the unrecorded deed was in existence, and before the sale it had been recorded. Nor was it necessary that this deed or a certified copy of it should have been exhibited to the petitioner. It was enough that his counsel knew of its contents from the record and so informed his client, as the jury well may have found.

The judge defined with sufficient accuracy the estate of the respondent, and construed the fourth issue as presenting the question the parties actually had tried, and correctly left to the determination of the jury the questions of fact which depended upon the credibility of the witnesses and the view they took of the testimony.

While the error in the admission of evidence and the instructions relating to this evidence require us to sustain the exceptions, the verdict is to stand as to all the issues except the first, to which the new trial is to be confined. *Burke* v. *Hodge,* 211 Mass. 156.

*So ordered.*