HEATH HUGHES *vs.* JOSEPH E. WILLIAMS.

Middlesex.    November 16, 1917. — February 28, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Presumptions and burden of proof.  *Deed,* Unrecorded.

Where on a petition for the registration of the title to land the case is taken by appeal to the Superior Court for the trial of the issue, whether an attaching creditor under whom the plaintiff claims title had before his attachment of the land actual knowledge of the existence of an unrecorded deed under which the defendant claims title, and where it is undisputed that the petitioner's record title is on its face a good one and that to defeat it the respondent must prove that the petitioner's predecessor in title had knowledge of the unrecorded deed before he made his attachment, the burden of proof is on the respondent to establish this affirmative defence.

PETITION, filed in the Land Court on August 11, 1909, for the registration of the title to a parcel of land with buildings thereon on the southerly side of Cambridge Street in Cambridge.

The petition was heard in the Land Court by *Davis,* J., who ordered a decree for the petitioner. Upon an appeal to the Superior Court by the respondent under St. 1905, c. 288, four issues were tried before *Hardy,* J. The findings upon the issues were favorable to the respondent; and the petitioner alleged exceptions, which, in a decision reported in 218 Mass. 448, were sustained by this court in relation only to the trial of the first issue and it was ordered that the verdict should stand as to all the issues except the first, to which the new trial was to be confined.

The first issue was as follows: "1. Did James H. Duckrey before his attachment of the property in question have actual knowledge of the existence of the deed back from Jones to Williams July 5, 1901?"

There was a new trial of this issue before *Wait*, J. There was evidence from the respondent's witnesses tending to show that Duckrey had the knowledge specified in the issue, and there was evidence from the witnesses for the petitioner and also the report of the judge of the Land Court, which was read in evidence, tending to show that Duckrey had no such knowledge.

The judge instructed the jury that the burden of proof was upon the petitioner to satisfy them that Duckrey did not have the knowledge called for by the issue.

The jury answered the issue, "Yes," and the petitioner alleged exceptions to the instruction in regard to the burden of proof given to the jury as above stated.

*A. P. Gay*, for the petitioner.

*F. Paul*, (*G. C. Dickson* with him,) for the respondent.

Rugg, C. J. This is a petition for the registration of title to land. It was appealed from the Land Court to the Superior Court, where it was tried to a jury upon four issues. The case was brought before this court on exceptions, and there was found to be no error of law in the trial of three of these issues, but as to the other issue exceptions were sustained and a new trial was ordered confined to that issue. 218 Mass. 448. The material dates and facts respecting the chain of title are these: On April 1, 1896, the respondent Williams acquired title to the locus by a deed which was duly recorded. He retained that title until July 5, 1901, when he conveyed the land to one Jones by a deed duly recorded; on the same date he took a deed back from Jones to himself, which was not recorded until March, 1908. Meanwhile, on May 24, 1906, while the record title stood in the name of Jones, one Duckrey brought an action against Jones and attached the locus, which was sold on execution sale to the petitioner, and a sheriff's deed thereof to him dated April 10, 1909, was duly recorded. The petitioner alleges that he is the owner of the land by reason of this sheriff's deed. The respondent pleaded that he was owner by virtue of his deed of April 1, 1896, and of the deed from Jones. The previous trial resulted in findings that Williams protested at

the execution sale, and that the petitioner, before his purchase at the execution sale, was informed that the beneficial interest was in Williams and that Jones had a bare record title. The single question submitted at the last trial was this: "Did James H. Duckrey, before his attachment of the property in question, have actual knowledge of the existence of the deed back from Jones to Williams of July 5, 1901?" The presiding judge ruled that the burden of proof was on the petitioner to satisfy the jury that Duckrey did not have such knowledge. The point now presented for decision is the correctness of that ruling.

It is provided by R. L. c. 127, § 4, that "A conveyance of an estate in fee simple . . . shall not be valid as against any person, except the grantor . . . his heirs and devisees and persons having actual notice of it" unless it is recorded.

The burden of proving that he was entitled to the registration of the title to the premises rested upon the petitioner, and remained upon him throughout. *Temple* v. *Benson*, 213 Mass. 128, 132. *Hughes* v. *Williams*, 218 Mass. 448, 449.

The petitioner's title appeared to be perfect on the record. It could be defeated only provided that Duckrey, the attaching creditor in the action against Jones, had actual knowledge of the unrecorded deed from his debtor, Jones, to the respondent, and provided it appeared further that the petitioner himself at the time of his purchase also had such actual knowledge. The respondent did not attack the sufficiency of the petitioner's title on the record, nor did he assail the validity of any instrument through which the petitioner claimed title; but he asserted title in himself. On the strength of facts which he alleged existed outside the record, namely, actual knowledge by Duckrey at the time of making his attachment of the existence of the deed to himself and actual knowledge by the petitioner of the same fact at the time of his purchase. If these were the facts, the respondent was entitled to prevail under the terms of the statutes. *Wenz* v. *Pastene*, 209 Mass. 359. But this assertion by the respondent was in the nature of a confession of the record title of the petitioner and an avoidance of its natural force and effect by the existence of extraneous facts, which as matter of common honesty and under the statute would prevent the petitioner from taking advantage of his clear record title.

The statement of the legal principle where the burden of proof rests is plain. The party who makes and is required to make an assertion of a fact in order to set forth a case as matter of law entitling him to prevail, and whose case requires the proof of that fact, has at all times the burden of proving such fact. But where the party upon whom the burden of proof is cast offers competent proof of that fact, and his adversary instead of producing proof to negative that same fact proposes to show another and a distinct fact which avoids the effect of the first fact, then the burden of proof rests upon the party proposing to show the latter fact. This is an affirmative defence, the burden of proving which rests upon the party asserting it. *Powers* v. *Russell*, 13 Pick. 69, 76, 77. *Wylie* v. *Marinofsky*, 201 Mass. 583, 584. *Wood* v. *Blanchard*, 212 Mass. 53, 56. *Stocker* v. *Foster*, 178 Mass. 591, 600, 601. *Parker* v. *Murphy*, 215 Mass. 72, 75.

The practical application of the rule oftentimes raises questions of difficulty. Several cases have arisen where the burden of proof of the "actual notice" mentioned in the statute has been referred to. In *Pomroy* v. *Stevens*, 11 Met. 244, at page 248, it was said "the party relying on an unregistered deed, against a subsequent purchaser or attaching creditor, must prove that the latter had actual notice or knowledge of such deed." In *Dooley* v. *Wolcott*, 4 Allen, 406, the trial judge instructed the jury that it was incumbent upon the tenant, who relied upon an unrecorded deed, to prove that the demandant had actual notice of it, and it was said at page 409, "Upon the question of notice to the demandant of the tenant's prior unrecorded deed, and as to the right of the tenant to maintain his title thereby, the court properly instructed the jury." In *Lamb* v. *Pierce*, 113 Mass. 72, the defendant relied upon an unrecorded deed. It was said, at page 74, "this statute requires that the plaintiff must be shown to have had actual notice that there had been a conveyance to the defendant of the estate . . . the party who claims under an unrecorded deed must prove that the subsequent purchaser had actual knowledge or notice of such deed." In all these cases as they were presented the burden was upon the tenant in a real action, or upon the defendant in an action of trespass, and hence what has been quoted from these opinions is precisely applicable to the case at bar. It also is said in Jackson on Real Actions, page 158, "If the defendant . . .

undertakes to show a better title in himself, he then becomes actor, and must show his title with the same certainty that was before required of the plaintiff."

The case is somewhat analogous to insurance policies, where the burden of showing that death or accident resulted from excepted or prohibited risks added to the main contract by way of proviso rests upon the insurer. *Nichols* v. *Commercial Travellers' Eastern Accident Association*, 221 Mass. 540, and cases collected at page 546. It is not unlike the classification of goods as inflammable under exceptions in a bill of lading, the burden of proving which rests upon the carrier. *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472. It is distinguishable from cases arising under the negotiable instruments act, where by the statute the burden of proving want of notice of infirmity in a note is cast upon the holder, *Phillips* v. *Eldridge*, 221 Mass. 103, and from cases where the matter of defence, though apparently somewhat special, really strikes at the root of a fact essential to the support of the plaintiff's case. *Central Bridge Corp.* v. *Butler*, 2 Gray, 130. *Sohier* v. *Norwich Fire Ins. Co.* 11 Allen, 336, 338. *Cohen* v. *Longarini*, 207 Mass. 556. The case at bar also is distinguishable from the decision as to waiver of his rights by the respondent or estoppel against asserting them, the burden of proving which was held when the case was here before to be upon the petitioner. That was an affirmative issue, and the burden rested upon the one who set it up, namely, upon the petitioner.

The result is that the burden of proving the issue in the case at bar rested upon the respondent.

*Exceptions sustained.*