MORRIS J. NOLLMAN & others *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk.   March 14, 1921. — May 26, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Carrier,* Of goods.   *Evidence,* Presumptions and burden of proof.

In the declaration in an action against a railroad corporation which had received goods for transportation to the plaintiff, it was alleged that the defendant did not care for the goods and deliver them to the plaintiff but conducted itself so negligently that they were lost and destroyed.   The answer was a general denial. At the trial, an employee of the defendant testified that upon presentation of the original "delivery check" by one who drove a team bearing the name of an expressman who was authorized to receive the goods for the plaintiff, he delivered them to that teamster, who signed a name on the delivery check.   The expressman testified that he had not received the goods and that no one bearing the name that was signed to the delivery check was in his employ.   Subject to an exception by the plaintiff, the judge instructed the jury that the burden was on the plaintiff to prove by a fair preponderance of the evidence that the goods were not delivered to his authorized expressman.   The jury found for the defendant.   *Held,* that

(1) The burden was on the plaintiff to prove non-delivery of the goods to him or to his authorized agent;

(2) The fact, that some evidence was offered by the plaintiff that the goods were not delivered to him or his authorized agent, did not place the burden on the defendant of showing that the merchandise was so delivered;

(3) The instruction excepted to was correct.

CONTRACT for the value of a case of woollens, alleged by the plaintiffs to have been shipped to them from Providence in the State of Rhode Island, the plaintiffs further alleging "that the defendant did not take care of and securely convey and deliver the

said goods to the plaintiffs, but have wholly neglected so to do and the defendant so carelessly and improperly conducted itself in that behalf that said goods were wholly lost and destroyed." Writ dated October 6, 1916.

The answer was a general denial and an allegation "that at the time of the alleged injury the plaintiffs were guilty of negligence which contributed to said injury."

The action was tried in the Superior Court before *Quinn*, J. Material evidence and the course of the trial are described in the opinion. The jury found for the defendant; and the plaintiffs alleged exceptions.

*S. A. Dearborn*, for the plaintiffs.

*A. W. Blackman*, for the defendant.

CARROLL, J.  This is an action of contract to recover the value of a case of woollens shipped from Providence, Rhode Island, to the plaintiffs at Boston, over the defendant's railroad.  The answer was a general denial.  The defendant agreed that it received the merchandise and carried it to its Boston freight terminal.  It was also agreed that the plaintiffs employed one Joseph B. Smith, a master teamster, to receive and cart all freight consigned to them at the Boston freight yards, that Smith carried a charge account with the defendant and that the defendant was duly authorized by the plaintiffs to deliver to said Smith or any of his teamsters all merchandise consigned to them and arriving over the defendant's line.  The plaintiffs testified that the merchandise was not delivered to them by Smith.

Timothy Donohue, a witness for the defendant, testified that on July 8, 1916, he was employed as a delivery clerk for the defendant at its freight house in Boston; that on that day he delivered the box of woollens to a teamster who presented the original delivery check and signed the name on the delivery check, " Mitchell " or a name that looked like " Mitchell," and loaded the goods on a wagon on which was the name J. B. Smith; and that he (Donohue) wrote the name J. B. Smith on the delivery check, a photographic copy of which check was in evidence.  Smith testified that he never received the case of woollens, that he never had in his employ a man by the name of Mitchell, and that none of his employees, so far as he knew, ever received the merchandise.

The plaintiffs made several requests for rulings that the burden

of proof was on the defendant to show that it delivered the goods in question to the plaintiffs or their agents. After the jury had retired, it returned with this inquiry: " Has the plaintiff got to prove that the box was not delivered to Smith? " to which the judge answered, " The burden is upon the shoulders of the plaintiff to prove by a fair preponderance of the reliable testimony in the case that the box was not delivered to Smith. The burden is on the plaintiff, as I told you before, not to prove beyond a reasonable doubt, but the weight of the evidence, of the reliable evidence must be in his favor that the box was not delivered to Smith." To this instruction the plaintiffs excepted. The jury found for the defendant.

The plaintiffs' cause of action, as set out in their declaration, was the failure of the defendant to carry safely·and deliver to them the merchandise in question. The allegation that the defendant failed to deliver it to them was an essential part of their case and the burden of proving the non-delivery of the freight rested upon the plaintiffs. *Morley* v. *Eastern Express Co.* 116 Mass. 97. See *Willett* v. *Rich,* 142 Mass. 356, 360; *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536; *Wylie* v. *Marinofski,* 201 Mass. 583. The only question in the case was whether the plaintiffs received the freight. The defendant did not set up an affirmative defence, the burden of proving which would be upon it. The defendant offered evidence merely denying the claim of the plaintiffs and tending to show that the freight was in fact delivered to an authorized agent of the plaintiffs, and the fact that some evidence was offered by the plaintiffs that the goods were not delivered to them or their authorized agent did not place the burden on the defendant of showing that the merchandise was delivered. The burden of proving their case remained throughout with the plaintiffs and did not at any time shift to the defendant. *Powers* v. *Russell,* 13 Pick. 69, 76. *Central Bridge Corp.* v. *Butler,* 2 Gray, 130, 131. *Hughes* v. *Williams,* 229 Mass. 467, 470, 471.

The exception taken to the admission of the testimony of the witness Rice was not argued and we consider it as waived.

*Exceptions overruled.*