RHEO GAGNE *vs.* CITY OF CHICOPEE.

Hampden.    September 17, 1931. — January 25, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Land Court,* Finding by judge.  *Boundary.  Evidence,* Presumptions and
burden of proof.

At the hearing of a petition for registration of the title to a triangular
parcel of land, an issue was the location of the boundary at the base
of the triangle, where the respondent's land adjoined.  The judge of
the Land Court filed a decision stating: "On all the evidence I find in
favor of the respondent's contention. . . . I think I am bound to so
find on the theory that the petitioner has not sustained the burden of
proof resting on him."  The decision contained no statement that all
the evidence before the judge was recited therein.  It was stated
therein that the examiner's report was favorable to the petitioner;
but evidence was recited showing that, previous to the first deed
stating the boundary as claimed by the petitioner, there were deeds to
the respondent of his land, which contained a description with refer-
ence to a plan which had been on record for thirteen years before
the deed to the petitioner, and which showed the boundary line to
be that claimed by the respondent.  On appeal by the petitioner
from the decision by the judge, it was *held,* that

(1) Even if the examiner's report be construed to mean that in his
opinion the conveyance relied on by the petitioner fixed the boundary
line as claimed by him, upon the entire evidence the judge could find
to the contrary;

(2) The finding by the trial judge that the petitioner had failed to
sustain the burden of proof resting on him respecting the boundary
line between his land and that of the respondent was not erroneous;

(3) The decision was affirmed.

PETITION, filed in the Land Court on July 8, 1929, for
registration of the title to land in Chicopee.

The "sketch" referred to in the opinion showed a tri-
angular parcel of land with its apex an acute angle formed
by the intersection of Chicopee Street and Meadow Street.
The dispute between the parties was with reference to the
boundary line forming the base of the triangle, the peti-
tioner contending for a line E–D, and the respondent for a
line A–C, which was northeasterly of the line E–D and
gave the petitioner less land.

The petition was heard in the Land Court by *Smith,* J. Material evidence is stated in the opinion. The judge in his decision fixed the disputed boundary at the line A–C and ordered a decree accordingly. The petitioner appealed.

The case was submitted on briefs.

*C. E. Drapeau,* for the petitioner.

*W. M. Shea,* City Solicitor, for the respondent.

CROSBY, J. This is a petition to the Land Court to register the title to a triangular parcel of land in Chicopee, bounded north by Chicopee Street, south by Meadow Street, and west by land of the respondent. The judge refused to include in the locus the land within the lines A–C–D–E as shown on the sketch accompanying the decision of the Land Court.

The controversy relates to the location of the boundary line between the land of the petitioner and that of the respondent, the city claiming to the line A–C as shown on the sketch. The petitioner derives his title from several deeds, of which the first to assert title in the locus is the deed given, in 1912, by James H. Newton to Joseph E. Lamagdelein. This deed in its description gives the line marked D–E on the sketch as the base of the triangular parcel of land conveyed. It is recited in the decision of the judge of the Land Court that the examiner's report was favorable to the petitioner; that according to the report one John O. Skeele died intestate, in 1870, owning two parcels of land containing twenty-two acres and twenty-three acres respectively, lying between Meadow Street and the Connecticut River. The judge found that "Either description might include locus, and they show that land of one Lucas B. Chapin lay between them. The twenty-two acre parcel is the more northerly one of the two and was the homestead of said Skeele, out of which it would appear that locus was carved." The heirs of Skeele, in 1873, conveyed the two parcels to James H. Newton and the latter conveyed to Lamagdelein, in 1912, by deed previously herein referred to.

The respondent derives its title by two deeds from one

E. M. Alden, one in 1897 and the other in 1911. The latter conveyed to the respondent city "all land shown in the northerly part of said plan, the most northerly line appearing as forty-eight and fifty-five hundredths feet in length." The plan above referred to is dated March, 1899, and recorded in "Book of Plans 1, Page 106," and is annexed to and made a part of the record. It does not appear that all the evidence before the judge is recited in the record. He states, "On all the evidence I find in favor of the respondent's contention and order a decree by the said line A–C on the south. I think I am bound to so find on the theory that the petitioner has not sustained the burden of proof resting on him."

As the decision involved a question of fact, it cannot be said to be without evidence to support it. Although according to the examiner's report the locus might have been included in either of the two parcels conveyed to Newton, in 1873, by the heirs of Skeele, and the locus was carved out of one or both of them, it does not follow from this report that the boundary line between the land now owned by the petitioner and that now owned by the respondent was definitely determined in these deeds given in 1873. Even if the examiner's report be construed to mean that in his opinion the conveyances to Newton described Newton's southerly line as coinciding with the line D–E, upon the entire evidence the judge could find to the contrary. In the deed from Newton to Lamagdelein, in 1912, the grantor described for the first time the land as it appears in the deed to the petitioner, and if the petitioner's title were to be established by the distances recited in this deed his southerly line would be the line D–E, although in this deed the lengths of the side lines are not definitely fixed, but run for certain distances "more or less," and both are said to run to land of Alden. It is stated in the decision that it also appears in the examiner's report that the plan of the Alden land dated March, 1899, above referred to, was recorded, and two deeds were given, and recorded about the same day, by Alden to the respondent, in 1897 and 1911 respectively, embracing all land shown on the northerly

part of the plan, the most northerly line appearing as forty-eight and fifty-five hundredths feet in length. After the description in the deed given in 1911 appears the following recital: "Intending hereby to convey all land owned by said grantor, lying between said Chicopee Street and Meadow Road, north of the land of the said City of Chicopee. Being Lot No. 1 on the E. M. Alden Plan of Lots of Meadow Road and Chicopee Street, which plan is recorded in the Hampden County Registry of Deeds, Book of Plans 1 on Page 106." The description in the first of these deeds begins at a point a certain distance from the corner of two streets; the second purports to convey all the land between Chicopee Street and Meadow Road north of the land then owned by the city, and is identified by reference to lot No. 1 on the E. M. Alden plan of lots of Meadow Road and Chicopee Street recorded in the Hampden registry of deeds, book of plans No. 1, at page 106. The plan purports to show the boundary of the land of the grantor to be the line A–C. A civil engineer testified at the hearing that he made a survey for the owner of the Alden land shown on the plan above referred to in November, 1896, and that his north line on the plan coincides with the line A–C on the sketch. He also testified that there were no physical monuments on the ground at that time. The first definition by survey and deed of the line A–C as the true boundary was in the deed from the respondent's grantor in 1911. The deed from Newton to Lamagdelein, the petitioner's predecessor in title, a year later, in 1912, described the southerly boundary as D–E.

We are of opinion that the finding of the trial judge that the petitioner had failed to sustain the burden of proof resting on him respecting the boundary line between his land and that of the respondent was not erroneous. *Hughes* v. *Williams*, 229 Mass. 467. *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517. The decision of the Land Court is affirmed, and a decree should be entered establishing the petitioner's southerly boundary by the line A–C.

*So ordered.*