### John O'Neil *vs.* Leander Holbrook & others.

Worcester. Jan. 5. — Oct. 4, 1876. Ames & Devens, JJ., absent.

A covenant in a deed to a religious society, that a parcel of land described "shall forever remain common," creates an easement in the parcel in favor of the grantee, and an incumbrance thereon in the hands of all claiming title thereto under the grantor, unless the language describing it as "common" is too vague, indefinite and uncertain to create any permanent easement; and the uses to which the parcel was then subjected and the manner in which the use originated may be shown by the deed of a former owner of the parcel in explanation of the kind of common intended.

Bill in equity to restrain the defendants from entering upon a parcel of land in Milford and interfering with the use and enjoyment thereof by the plaintiff. Hearing before *Colt,* J., who reported the case for the consideration of the full court, in substance as follows:

Sullivan Sumner, deceased, by a warranty deed, dated August 21, 1850, in consideration of $600, paid by the Universalist Society No. 1 in Milford, conveyed to Leander Holbrook, treasurer of the society, a parcel of land on the east side of Pearl Street, in Milford, upon which the meeting-house of the society is situated. The deed contained the following provision: "The said grantor covenanting for himself, his heirs and assigns, that the land between said premises and the county road, running from said Milford to Holliston and between the hotel occupied by L. B. Felton and the land of the proprietors of the brick meeting-house in said Milford shall forever remain common."

Darius Sumner, deceased, the father of Sullivan Sumner, by warranty deed, dated March 13, 1820, conveyed to Pearly Hunt

and ten others, as proprietors in common, a parcel of land in Milford on which the old Universalist Meeting-house stands, by deed containing the following clause : "Said lot is hereby con- veyed to said proprietors for a meeting-house lot to build a brick meeting-house thereon, and such sheds as may be necessary and agreed upon by said proprietors to accommodate said meeting- house, the remainder to be kept for a common and for no other purpose ; and the said grantor also hereby covenants to lay his lot common and not have any fence or obstruction between his dwelling-house and said meeting-house lot, so as to have but one common between the said. meeting-house and said grantor's house, being the east line."

The two clauses quoted from the deeds describe the same par- cel. Sullivan Sumner derived his title to the land conveyed by him to the society, and to the land described in the two clauses, by descent from his father, Darius Sumner. The hotel estate mentioned in the deed of Sullivan Sumner is the same upon which the dwelling-house of Darius Sumner stood at the date of his deed to Hunt and others. Pearl Street has been laid out since the date of the deed of Darius Sumner. Both the deeds were recorded soon after their respective dates. The plan used at the hearing is printed in the margin.*

On March 15, 1866, Sullivan Sumner conveyed the hotel es- tate, and the land described in the two clauses quoted, by war- ranty deed to Daniel S. Chapin. On October 1, 1867, Chapin conveyed the same premises by warranty deed to George D.

Road running from Milford to Holliston.

Nichols; and on June 11, 1871, Nichols conveyed the same by warranty deed to the plaintiff. In neither of these three deeds was there any mention or exception made of any right acquired by other parties under the deeds from Darius and Sullivan Sumner.

The defendants contended that, under the deeds of Darius and Sullivan Sumner, they had acquired the right to have the land described in the two clauses kept open as a public common, that the society and its members had the right to pass and repass over all parts of the parcel, and that the plaintiff had no right to fence the land or erect structures thereon.

If, upon the above facts, the bill could be maintained, the case was to stand for hearing; otherwise, to be dismissed.

*T. L. Nelson & G. G. Parker*, for the plaintiff.

*G. F. Hoar*, for the defendants.

ENDICOTT, J. This case turns upon the effect to be given to the clause in the deed of Sullivan Sumner to the defendants, wherein he covenants, for himself, his heirs and assigns, that the parcel of land between the land conveyed and the main road, and between the hotel and the land belonging to the proprietors of the brick meeting-house " shall forever remain common." That this creates an easement in the parcel in favor of the defendants, and an incumbrance thereon in the hands of all claiming title thereto under Sullivan Sumner, we can have no question, unless the language, describing it as common, is too vague, indefinite and uncertain to create any permanent easement.

But, construing the language in connection with the subject matter and purposes of the conveyance, the uses to which the parcel was subject at the time of the conveyance, and the previous deed of Darius Sumner, who formerly owned all the land now owned by the plaintiff, the defendants, and the proprietors of the brick meeting-house, we are of opinion that a permanent easement in the parcel was created by Sullivan Sumner's deed, of a distinct and definite character. In 1820, Darius Sumner conveyed to Perley Hunt and others, as proprietors in common, the lot now occupied by the old brick meeting-house, as delineated on the plan. In the granting clause of the deed, he declares that the lot is conveyed to the grantees for the purpose of building a brick meeting-house and the necessary sheds thereon

the remainder to be kept for a common and for no other pur-pose, and that the grantor's adjoining land, between the land conveyed and the east line of his dwelling-house, shall be laid common, free from fences and other obstructions, so as to constitute but one common between the meeting-house and the grantor's house. The grantor's house is the same described in Sullivan Sumner's deed as the hotel; and the adjoining land, which Darius, in his deed, says shall be part of the common with the meeting-house common, is the same parcel which Sullivan Sumner in his deed covenants "shall forever remain common." The word "common" in this connection clearly means an open, uninclosed space around and near a meeting-house, such as is usual around meeting-houses in country villages in this Commonwealth. Such an easement for such a use may be created by deed. The provisions of the deed of Darius Sumner in this regard appear to have been complied with, and the parcel in question was used in that manner during the life of Darius Sumner, and until 1850.

Whether the deed of Darius Sumner created a permanent incumbrance on the land, or was a personal contract, as contended by the plaintiff, it is not necessary to inquire. If it was an ease-ment, Sullivan could only convey subject to that easement, and his covenant with the defendants that it should remain common bound him, his heirs and assigns, not to disturb the easement already existing. As the plaintiff claims under him, he cannot deny his right to make such a covenant and admit the defendants to the enjoyment of the privilege. If it was not an easement, then Sullivan Sumner had the right to create such an easement in the parcel, for he owned it, and the deed of Darius Sumner is competent, the plaintiff claiming under him, to show the character of the use to which he had subjected it, and which actually existed when Sullivan conveyed to these defendants. If the covenant that a parcel of the grantor's adjoining land shall forever remain common is not sufficiently definite in making a conveyance to a religious society, as explaining the character and kind of common intended; the uses to which it was then subjected may be shown, and the manner in which the use originated may also be shown by the deed of a former owner of the parcel.

The plaintiff therefore took his deed subject to the covenants of Sullivan Sumner, and cannot interfere with the use of the parcel as a common adjacent to the meeting-house.

The fact that Sullivan Sumner afterwards conveyed the *locus* with covenants of warranty against incumbrances cannot affect the defendants, whose deed was recorded previously to such conveyance and to the mesne conveyances through which the plaintiff derives his title from Sullivan Sumner.

There is therefore no occasion for relief in equity, and the entry must be                                    *Bill dismissed.*