MICHAEL McDONOUGH *vs.* NEIGHBORHOOD CLUB OF SWAMPSCOTT, INC.

Essex.    March 4, 1920. — June 24, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Way,* Private. *Deed,* Construction.

At the hearing of a petition for the registration of the title to a parcel of land, it appeared that the respondent owned land adjoining that of the petitioner, and that the petitioner claimed a right of way over the respondent's land. The parties derived their titles from a common grantor, the entire parcel having been used by him as a pasture. The petitioner's land was the first to be conveyed by the common grantor, and the deed described it as bounded by H Street, one boundary stated in the deed being northerly by "a proposed new street to be called 'Range Road,'" and the words of the deed excluded from the conveyance a portion of the land on the corner of H Street and Range Road, referring to a

plan "to be recorded herewith," which showed the land bounded by the proposed
street. Further provisions of the deed were: "The grantee is given no rights in
the projected street to be called 'Range Road' Northwesterly of the North-
westerly lot line extended. The width of Range Road and the time when it is
to be built is at the option of the grantors. There shall be no inference from this
deed that when Range Road is constructed or accepted by the Town that
this grantee takes title to the centre of the road." At the time of the conveyance
no way was laid out or was in use over the grantor's land, and the land was below
the level of the street. Without having constructed any way, the common
grantor conveyed to the respondent a tract of land immediately adjoining the
northerly boundary of the land previously conveyed to the petitioner. *Held,*
that the petitioner had no right of way over the land of the respondent.

PETITION, filed in the Land Court on December 18, 1918, for the
registration of the title to a parcel of land on Humphrey Street
in Swampscott.

In the Land Court the petition was heard by *Davis,* J. The
subject of the controversy between the parties was, whether the
petitioner had a right of way over land of the respondent, an
adjoining owner. Material facts are described in the opinion.
The judge of the Land Court ruled that there was no such right
of way; and the petitioner alleged exceptions.

*A. B. Tolman,* for the petitioner.

*C. S. Tilden,* for the respondent.

CARROLL, J. This is a petition to register the title to a tract of
land in Swampscott. The petitioner contends that there is ap-
purtenant to his land a right of way over the respondent's land.
Each party derives title from a common grantor, hereinafter called
the Palmer Estate, who, prior to 1910, used the entire tract, in-
cluding the land of the petitioner and of the respondent, as a
pasture. The petitioner's lot was conveyed by the Palmer
estate to one Anderson, the deed describing it as bounded by
Humphrey Street and northerly by "a proposed new street to be
called 'Range Road;'" and excluding from the conveyance a por-
tion of the land on the corner of Humphrey Street and Range
Road and referring to a plan "to be recorded herewith," showing
the land to be bounded by the proposed street. The deed then
provided: "The grantee is given no rights in the projected street
to be called 'Range Road' Northwesterly of the Northwesterly lot
line extended. The width of Range Road and the time when it is
to be built is at the option of the grantors. There shall be no infer-
ence from this deed that when Range Road is constructed or ac-

cepted by the Town that this grantee takes title to the centre of the road." When this conveyance was made there was a stone wall along the northwesterly line of Humphrey Street, extending from the railroad past the property now owned by the respondent and the proposed Range Road, and continuing by the petitioner's lot. On this wall was an old fence in poor repair; back of it the land was low, — near the street line being about two feet below the level of the street. Range Road has never been laid out nor prepared for travel. In June, 1915, the respondent acquired title from the Palmer estate to the land north of the petitioner's property, and built a club-house thereon. It graded the land to the petitioner's northerly line, filling in the projected road to a height of five feet above his land, and planted trees close to the boundary line, preventing the use as a way of the land marked "Range Road" on the plan.

The question before us is the construction of the deed from the Palmer estate to Anderson and the determination of the intention of the parties to the transaction. *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, 43. *Crocker* v. *Cutting*, 181 Mass. 146, 151. Considering both the deed and the plan, was the grantee given the right of way over the adjoining land, as shown by the plan locating the proposed street? Or, was the grantee given the right to use the street only as, and when, it should be built by the grantors? The lot conveyed was a part of a large pasture. The land was below the level of the street and no way, as shown on the plan, was laid out or constructed, or was in use at the time; it did not exist except upon the plan. As the plan was a part of the contract, if the deed by its language had simply bounded the lot by the proposed street as set out on the plan, the petitioner could contend that the right of way was appurtenant to his land. *Ralph* v. *Clifford*, 224 Mass. 58. *Lagorio* v. *Lewenberg*, 226 Mass. 464. See *O'Linda* v. *Lothrop*, 21 Pick. 292. But the deed by its terms limited and defined the rights of the grantee. If the way should be built by the grantors he was to have no right to use it beyond the depth of the lot. The entire fee of the land was to remain in the grantors. The grantee had no interest in it, either as it then was or as it might be if a street were constructed, except the right to use it as a way. The width of the street was to be in the discretion of the grantors, and finally, the time when it was to be

built was left entirely to their decision. They may have contemplated the construction of a street in the development of their remaining land; but they were not bound to any plan of development and were under no obligation to construct the proposed street. They might take down the wall, fill in the land and construct the way; but they were not required to do these things, and the restrictions in the deed regarding the proposed way were to govern the rights of the parties. If the grantors decided to build, the width of the road might be more or less than fifty feet; and it was over this road as constructed, not over the strip of land shown on the plan, that the grantee was given the right of way. The terms of the contract show that the grantors' intention was that the rights of the grantee were confined to the way as it might be built, and that these rights could be defined only when such event took place. In addition, the grantors reserved to themselves the exclusive right to decide when that should be. There was, in fact, no grant of a definite right of way over the grantors' land, but merely the right to use the particular way when and as it should be constructed by the grantors; and the grantee was given no right to use the strip until this was done. As the heirs of the Palmer estate had already parted with their interest in the adjoining land and the grantors did not covenant that the way would ever be built, and as it has not been constructed by them, the petitioner can claim no rights to the use of the respondent's land.

In the opinion of a majority of the court the exceptions are overruled.

*So ordered.*