WILLIAM W. BESSEY & another *vs.* EPHRAIM M. OLLMAN & others.

Middlesex.    March 15, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Deed,* Condition, Equitable restriction.  *Land Court,* Appeal.

An appeal from a decree of the Land Court brings before this court only questions of law apparent upon the record.

Every deed is to be construed so as to give effect to the intent of the parties as manifested by the words used, interpreted in the light of the material circumstances and pertinent facts known to them at the time it was executed.

In order for a respondent, in a petition in the Land Court for the registration of the title to land, to establish a servitude in the nature of an equitable restriction created by deed upon land of the petitioner, it must appear that it was the intention of the grantor in such deed, by inserting in his deed the provision alleged to be a restriction, to create a servitude or right which should enure to the benefit of a particular parcel of land and be annexed to it as an appurtenance.

From the decision of a judge of the Land Court upon a petition for the registration of title to certain land, it appeared that the petitioner and the respondent owned adjacent tracts of land which in 1853 were owned by one person who in that year conveyed the petitioner's land to the petitioner's predecessor in title by a deed containing at the end of the description these words: "Provided and on the condition that [the grantee] . . . his heirs, successors or assigns shall not erect or cause to be erected a dwelling house or any other building upon any part of the premises hereby granted as aforesaid." It was conceded that, if these words created a common law condition for the benefit of the grantor alone, or a personal agreement, it had been extinguished by deeds from the heirs of the grantor. There was nothing in the record outside the deed itself to show what was the intent of the grantor in using the quoted language. The respondent contended that the words operated to create a restriction for the benefit of his land. The judge of the Land Court stated: "This case presents a perfectly bald situation," ruled that the language quoted did not create a restriction appurtenant to land of the respondent and ordered a decree for the petitioner. Upon an appeal by the respondent, it was *held,* that

(1) It could not be said as a matter of law that a restriction in the nature

of an equitable easement for the benefit of the land of the respondent was created by the grantor when he executed the deed in 1853;

(2) It could not be said that the judge of the Land Court committed an error of law in reaching the conclusion he did.

PETITION, filed in the Land Court on May 21, 1921, for the registration of the petitioners' title to certain land in Walpole.

The petition was heard in the Land Court by *Davis,* J. Material findings stated in his decision are described in the opinion. He ruled that the provision in the deed of Kingman, described in the opinion, "did not create a restriction appurtenant to the land of the respondents" and ordered a decree for the petitioners. The respondents appealed.

*S. B. Stein,* for the respondents.

*G. M. Poland,* (*E. K. Bowser* with him,) for the petitioners.

RUGG, C. J. This is a petition for the registration of the title to land. It comes before us on appeal from a decision rendered by the judge of the Land Court. There is no report of the evidence. The petitioners and the respondents own adjacent tracts of land, which in 1853, together with another small parcel adjoining the land of the petitioners, belonged to one Kingman. In that year he conveyed the lot now owned by the petitioners, together with the other small parcel adjoining it, by a deed which contained at the end of the description these words: "Provided and on the condition that said Joshua Eames [the grantee], his heirs, successors or assigns shall not erect or cause to be erected a dwelling house or any other building upon any part of the premises hereby granted as aforesaid." The petitioners contend that these words created a common law condition for the benefit of the grantor alone, or a personal agreement, and .it is conceded that, if this be so, it has been extinguished by deeds from the heirs of Kingman. The respondents contend that the words operated to create a restriction for the benefit of their land. The decision by the judge of the Land Court states that "This case presents a perfectly bald situation." It does not appear when nor from what source the respondents gained title to their land, nor when nor under what circumstances the original owner parted with his title, nor when with reference to those facts the release to the predecessors in title of the petitioners was executed by the heirs of the original grantor. Many of these

dates are stated in the pleadings, but the decision does not declare that they are correct, and the case is not reported on the petition and answer. The decision seems drawn on the theory that those matters are immaterial and we treat the case accordingly.

An appeal from the Land Court brings before this court only questions of law apparent upon the record. Findings of fact cannot be revised. *Marvel* v. *Cobb,* 204 Mass. 117. *Mitchell* v. *Cobb,* 220 Mass. 60.

Certain principles of law are well settled. Every deed is to be construed so as to give effect to the intent of the parties as manifested by the words used, interpreted in the light of the material circumstances and pertinent facts known to them at the time it was executed. *Simonds* v. *Simonds,* 199 Mass. 552, 554. *Nash* v. *Eliot Street' Garage Co.* 236 Mass. 176. *Eustace* v. *Dickey,* 240 Mass. 55, 72. The burden of proving that he is entitled to registration of his title rests upon the petitioner. *Hughes* v. *Williams,* 229 Mass. 467. When the existence of a servitude over one parcel of land for the benefit of another is asserted, it must appear that it was the intention of the grantor, by inserting in his deed the condition or restriction, to create a servitude or right, which should enure to the benefit of a particular parcel of land, and be annexed to it as an appurtenance. *Beals* v. *Case,* 138 Mass. 138. *Lowell Institution for Savings* v. *Lowell,* 153 Mass. 530. *Clapp* v. *Wilder,* 176 Mass. 332.

It cannot be said as matter of law that a restriction in the nature of an equitable easement for the benefit of the land now owned by the respondents was created by Kingman when he executed the deed in question. There is nothing outside the deed to indicate what his intent was. So far as the words used are significant, it is to be observed that the conveyance is "on the condition" and not on a restriction. It is conceded that, if the deed created a common law condition or a personal agreement and nothing more, that has been extinguished. There is nothing to indicate that the grantor had a plan for the development of his property, or that he owned any other than the three parcels to which reference has been made. There was no building on his remaining land at the time of his grant in 1853, and none was erected until 1861. There is nothing to show his purpose concerning buildings on his land in 1853, or his design as

to the use or improvement of his remaining land. The intent of the grantor may as reasonably be conjectured to have been to establish a condition for the benefit of himself while he was owner of the remaining land as to create an easement or equitable restriction appurtenant to that land. The facts are so meagre that it is difficult to infer that one purpose was more likely than another to have actuated him in using the crucial words of his 1853 deed. The case at bar appears to be governed by the last three cases cited rather than by *Peck* v. *Conway,* 119 Mass. 546, and like decisions. At all events it cannot be said that the judge of the Land Court committed an error of law in reaching that conclusion.

*Order for decree for the petitioners affirmed.*