# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

FRANK E. BRIGGS *vs.* PETER T. CONNORS.

Berkshire. September 19, 1922. — October 11, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Way*, Private. *Deed*, Construction.

A deed giving a right of way over land of the grantor adjacent to the parcel conveyed must be so construed in determining the use to which the way is to be put as to carry out the intent of the parties to it as manifested by it in the light of the circumstances.

A parcel of real estate conveyed by a deed was described as bounded on the south by "lands of" the grantee. The land of the grantee thus referred to and the parcel conveyed fronted on the west on a public way from which they rose abruptly. A right of way over other land of the grantor was described in the deed as follows: "Together with a right of way fifteen feet in width extending along the rear line of said above premises, to be used as a right of way in common with the grantor and his assigns, extending from lands of said" grantee "on the south and running to the proposed street which leads from" the public way "on the northerly side of" property bounding the described premises on the north "with the intention of reaching the rear of said land above conveyed over said fifteen foot right of way to the proposed street, so called, and thence to" the public way. The grantee constructed the way on its described course and also extended it southerly to his parcel called the "home place" and without objection by the grantor used it in connection with his land south of the parcel conveyed for over four years. He then conveyed the easterly part of "home place" by a deed purporting to convey a right to use the way in connection therewith. Fourteen months later the original grantor blocked the way where it joined the "home place." *Held*, that

(1) The language of the deed creating the easement clearly showed that it was to be used only in connection with the premises thereby conveyed;

(2) There could not be read into the deed a grant of a right to use the way in connection with land which was mentioned in the deed merely as an abuttal referred to in delimiting the way;

(3) The deed was not ambiguous and the evidence of user did not enlarge the grant and was not material in its construction.

TORT for alleged unlawful obstruction of a right of way. Writ dated June 20, 1921.

In the Superior Court, the action was tried before *Burns, J.* The description of the premises conveyed by the deed of the defendant to Daniels, dated September 23, 1915, and described in the opinion, and the right of way thereby conveyed were as follows:

"A certain piece or parcel of land situate on the easterly side of Orchard Street in said Adams and lying between lands now owned by the said Charles A. Daniels and land owned by the widow of Thomas P. Welch, being lots No. 5, 6 and 7 on Plan of Lots, and which land is more particularly bounded and described as follows, to wit: Beginning at a point in the easterly line of Orchard Street at the southwest corner of the lands of Mrs. T. P. Welch; thence running easterly along the line of land of said Mrs. T. P. Welch at an angle of 90 degrees from said street one hundred twenty (120) feet to the southeast corner of said Welch land; thence to the right at an angle of 90 degrees fifty-four (54) feet; thence to the right at an interior angle of 74 degrees 29' one hundred forty and four-tenths (140.4) feet to lands of said Daniels; thence to the right along said Daniels land one hundred twenty (120) feet to the easterly line of said Orchard Street; thence to the right along said street sixty-nine and fifty-four hundredths (69.54) feet; thence in an angle of 90 degrees 57' northerly fifty-four (54) feet to the place of beginning. Together with a right of way fifteen (15) feet in width extending along the rear line of said above premises, to be used as a right of way in common with the grantor and his assigns, extending from lands of said Charles Daniels on the south and running to the proposed street which leads from Orchard Street on the northerly side of said Mr. T. P. Welch property with the intention of reaching the rear of said land above conveyed over said (15) fifteen foot right of way to the proposed street, so-called, and thence to Orchard Street."

Other material evidence is described in the opinion. At the close of the plaintiff's evidence, on motion of the defendant, the

judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. J. Donovan,* (*J. M. Rosenthal & J. B. Cummings* with him,) for the plaintiff.

*J. S. Kane,* for the defendant.

JENNEY, J.    This is an action of tort to recover damages for the obstruction of a right of way claimed by the plaintiff to be appurtenant to land owned by him and situated in Adams. As a verdict for the defendant was ordered, the exceptions must be overruled unless it could have been found that the easement claimed existed. It is conceded that there was no such right unless created by a deed dated September 23, 1915, given by the defendant to Charles A. Daniels.

When that deed was delivered, Daniels and the defendant owned adjoining parcels of land on the easterly side of Orchard Street. Both lots rose abruptly from the street.

By the deed the defendant conveyed three small lots abutting on Orchard Street immediately north of Daniels's land, occupied by him as a residence. A copy of the description contained in the deed is printed on the preceding page. The grant of way here construed immediately followed the description and is: "Together with a right of way fifteen (15) feet in width extending along the rear line of said above premises, to be used as a right of way in common with the grantor and his assigns, extending from lands of said Charles Daniels on the south and running to the proposed street which leads from Orchard Street on the northerly side of said Mr. T. P. Welch property with the intention of reaching the rear of said land above conveyed over said (15) fifteen foot right of way to the proposed street, so-called, and thence to Orchard Street."

The defendant owned other land abutting on the way upon the east. There was evidence tending to show that immediately after the delivery of this deed Daniels constructed a well defined way upon the land over which it had been granted and also extended it "some fifteen or twenty feet southerly . . . into the home place, where it connected with an old road already built thereon;" and that the way was thereafter used as appurtenant to the land owned by him prior to its creation in going from his residence to the proposed street referred to in the deed and thence to Orchard

Street. The defendant did not object to the construction of the way or its use.

On March 27, 1920, Daniels conveyed to the plaintiff the rear or easterly part of his home place. The land included in the deed did not embrace any of that described in the deed of the defendant to him, did not bound on any public way, but did abut on other property of the plaintiff which adjoined Orchard Street. This deed purported to give the plaintiff the easement now in controversy. Fourteen months thereafter the defendant prevented the plaintiff from using the way.

The plaintiff contends that the way created by the deed was appurtenant to the grantee's other land as well as to that conveyed by the deed.

The deed must be so construed as to carry out the intent of the parties as manifested by it in the light of the circumstances. *McDonough* v. *Neighborhood Club of Swampscott, Inc.* 236 Mass. 238. It conveyed land definitely described "Together with a right of way" which is to be used over a strip of land extending along land now of the defendant to a proposed street "with the intention of reaching the rear" of the premises conveyed by the deed. The language clearly shows that the easement was created for use only in connection with the land conveyed. There is nothing in the deed indicating that it was to be annexed to that merely mentioned as an abuttal or referred to in delimiting the way. It must affirmatively appear that there was an intent to create a servitude as appurtenant to the particular parcel; such a grant is not to be read into the deed because of a failure to exclude it. *Bessey* v. *Ollman*, 242 Mass. 89. See *Rogers* v. *Powers*, 204 Mass. 257, 264; *Prentiss* v. *Gloucester*, 236 Mass. 36, 54.

The deed was not ambiguous, and the evidence as to user did not enlarge the grant and was not material in its construction.

The verdict for the defendant was directed rightly and the exceptions must be overruled.

*So ordered.*