DAVID LEVENSON *vs.* ELENA V. CIAMPA & another.

Suffolk.　December 1, 1924. — February 25, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Land Court,* Jurisdiction.　*Evidence,* Presumptions and burden of proof. *Way,* Private.　*Easement.*

In a petition filed in the Land Court under G. L. c. 185 for the registration of the petitioner's title to certain land there described, the petitioner claimed "as appurtenant to" the land so described the right to use a certain passageway, the entire fee of which was owned by him, "for passageway purposes . . . in common with others entitled thereto, and the right to arch and build over that portion of said passageway

the full width of which lies within the lines of the premises hereinbefore described, subject to the use for passageway purposes for a convenient height above the ground in favor of those entitled thereto in common with the petitioner." *Held,* that the Land Court had jurisdiction not only to register the title but also to determine the extent of the easement claimed by the petitioner.

At the hearing of the petition above described, the burden of proving the existence of the petitioner's right to the easement claimed was upon him.

At the hearing of the petition above described, it was proper for the judge to admit, on the question of the extent of the easement and the use of the way, testimony by a witness thirty-seven years of age, acquainted with the location, to the effect that there were at the time of the hearing some buildings used as dwellings with the rear walls up to the side of, and rear windows overlooking the passageway, that some of the buildings appeared to be about forty or fifty years old, and that as long as he could remember the passageway had been used by the abutting owners.

Upon the deeds and other evidence before the judge at the hearing of the petition above described, he found and ruled that the petitioner's predecessor in title, who laid out the lots that the petitioner had acquired and established the right of way in question, "intended to provide light and air from the rear as well as a rear entrance to the houses that might be built upon the lots," and that the petitioner had no right to build over or arch the passageway. *Held,* that, so far as the question involved a determination of facts, the decision of the Land Court was final, and that it could not be said that the evidence as matter of law was insufficient to justify the conclusion reached by the judge.

PETITION, filed in the Land Court on January 16, 1924, to have certain described land on Meridian Street and on Paris Street in that part of Boston called East Boston "brought under the operation and provisions of" G. L. c. 185, and to have the petitioner's "title therein registered and confirmed."

In the petition, the petitioner alleged that he claimed "as appurtenant to" his land the right to use a certain passageway, the entire fee of which was owned by him, "for passageway purposes . . . in common with others entitled thereto, and the right to arch and build over that portion of said passageway the full width of which lies within the lines of the premises hereinbefore described, subject to the use for passageway purposes for a convenient height above the ground in favor of those entitled thereto in common with the petitioner."

Elena V. Ciampa and Antonina Lopez objected to the granting of that part of the petition which would give the

petitioner "the right to arch or build over that portion of said passageway the full width of which lies within the lines of the premises" of the petitioner.

The petition was heard by *Corbett*, J. The only evidence bearing on the petitioner's claim to arch over the passageway consisted of certain deeds and of the testimony of one Ciampa substantially as follows: that he was thirty-seven years old and acquainted with the location; that there were at the time of the hearing some buildings used as dwellings with the rear walls up to the side of the passageway, and having rear windows overlooking the passageway; that some of the buildings appeared to be about forty or fifty years old and that, as long as he can remember, the passageway has been used by the abutting owners. The evidence did not show whether or not there were buildings upon the lots in the year 1844. The deeds in the chain of title at that time did not mention buildings.

The testimony of Ciampa was admitted subject to exceptions by the petitioner.

The judge in his decision stated as follows: "The right of the owner of the land, subject to a right of way, to build or erect structures over the way depends upon the construction of the grants by which the way is created. It is a general rule that the owner of land subject to an easement has the right to use his land in any way which is not inconsistent with the easement. He has no right, however, to use it in a manner which is inconsistent with the easement. The extent of the easement is to be determined by the true construction of the grant by which it was created, aided by any circumstances surrounding the estates and the parties in interest which have a tendency to show their intention. . . . Here the purpose of the owner was apparent. He divided his land into lots which are located on both sides of the passageway which he laid out through the land, which passageway opened at either end on public streets upon which said lots fronted. The lots were small, suitable for dwellings. Those on Meridian Street were about fifty-five feet deep. Houses covering the whole of the lots were actually erected upon them. This necessitated light and air from the rear. It

seems clear that the one who laid out the lots intended to provide light and air from the rear as well as a rear entrance to the houses which might be built upon the lots."

The judge found and ruled "that the petitioner has not the right to build over or arch said passageway as claimed by him."

The petitioner alleged exceptions.

*A. B. Lourie,* for the petitioner.

*C. M. Goldman,* for the respondent Ciampa.

WAIT, J. The Land Court has jurisdiction over the subject matter of this petition, not only to register the title, but also to determine the extent of the easement claimed by the petitioner, G. L. c. 185, § 1(a).

The burden of proof was on the petitioner. *Lipsky* v. *Heller,* 199 Mass. 310. *Hughes* v. *Williams,* 229 Mass. 467.

The testimony objected to was no more than a description of the premises and of the conduct of the holders of the easement in the passageway in regard to the use made of it. Such testimony has been admitted and considered in many cases, for the reasons set out in *Salisbury* v. *Andrews,* 19 Pick. 250 (see also 128 Mass. 336), and has not been confined to testimony of events strictly contemporaneous with the creation of the easement. *Atkins* v. *Bordman,* 2 Met. 457. *Burnham* v. *Nevins,* 144 Mass. 88. *Crocker* v. *Cotting,* 181 Mass. 146. Its admission was within the discretion of the trial judge.

In so far as the question involved the determination of fact, the decision of the Land Court was final. G. L. c. 185, § 15. We cannot say that the evidence as matter of law was insufficient to justify the conclusion reached. The length and nature of this passageway from street to street, and the size and shape of the lots which it served were significant. They bring the case within the class exemplified by *Crocker* v. *Cotting,* 181 Mass. 146, and *Salisbury* v. *Andrews,* 128 Mass. 336, rather than that illustrated by *Duncan* v. *Goldthwaite,* 216 Mass. 402, *Burnham* v. *Nevins,* 144 Mass. 88, and *Atkins* v. *Bordman,* 2 Met. 457.

*Exceptions overruled.*