THE BOSTON FIVE CENTS SAVINGS BANK *vs.* MASSACHUSETTS
GENERAL HOSPITAL & others.

Suffolk.    March 10, 1926. — May 25, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Boundary. Deed,* Construction. *Way,* Private. *Land Court,* Findings
by judge. *Evidence,* Presumptions and burden of proof.

While it is a general rule that a deed of land bounding on a way, whether
public or private, conveys title to the center of the way if the grantor
owns that far, yet the question is one of intention in view of all the
circumstances.    Per CROSBY, J.

A petitioner for registration of a title in the Land Court claimed title,
subject to a certain easement, to the middle of a lot adjoining a lot
which had been conveyed to him, on the ground that such adjoining
lot in fact was an existing private way although not so described in his
deed.    The judge of the Land Court, while finding that certain ease-
ments of passage and relating to drainage existed over some part of the
adjoining lot, failed to find and the record did not show what part of
the lot was subject to such easements.    The petition was dismissed.
*Held,* that

(1) It did not appear that the lot which had been conveyed to the
petitioner was bounded on an existing way;

(2) In the circumstances, it was manifest that the petitioner's
grantor had no intention of conveying to the petitioner title to the
middle of the adjoining lot;

(3) The petition rightly was dismissed.

PETITION, filed in the Land Court on June 11, 1924, for
the registration of the title to land in Boston described in
the petition as follows: "Southeasterly by a portion of
Harvard Place ten and 31/100 (10.31) feet; southwesterly
by land of the Massachusetts General Hospital, being a
part of Harvard Place, fifty-two and 10/100 (52.10) feet;
northwesterly by land of The Boston Five Cents Savings
Bank nine and 77/100 (9.77) feet; and northeasterly by
land of The Boston Five Cents Savings Bank, fifty-two and
26/100 (52.26) feet.    Containing 523.8 square feet of land."

In the Land Court, the petition was heard by *Smith*, J.
Material evidence and findings by the trial judge are de-

scribed in the opinion. The judge ordered the petition dismissed and the petitioner appealed.

*W. R. Evans, Jr.*, for the petitioner.

*J. Abbott*, for Massachusetts General Hospital.

*P. D. Turner, (Lee M. Friedman* with him,) for Olympia Realty Company.

CROSBY, J.    This is a petition brought in the Land Court to register the title to a strip of land about fifty-two feet long and about ten feet wide, extending westerly from the westerly end of Harvard Place in the city of Boston. The petitioner claims title under a deed to it from the Massachusetts General Hospital, dated November 24, 1922, and duly recorded in the Suffolk registry of deeds. A plan bearing the same date was also recorded with the deed and is therein referred to. Two parcels of land are described in the deed, and are shown on the plan as lots B and C. Both parcels are bounded in part by other land of the grantor as shown on the plan. Lot C, containing seventeen hundred and twenty-three square feet, is bounded southwesterly "by land of the Massachusetts General Hospital fifty-two and 26.100 feet." Lot B, containing eleven hundred one and one-tenth square feet, is bounded "southeasterly by the first parcel hereinbefore described nine and 12/100 feet and by other land of the Massachusetts General Hospital nineteen and 54/100 feet." The lands conveyed by this deed were part of a larger tract, all of which was subject to a lease for fifty years to the Olympia Realty Company by an instrument dated January 23, 1920, but which was not recorded until after the deed to the petitioner had been recorded. It was admitted, however, by the petitioner that it had notice of this lease and by the Olympia Realty Company "that it had released to the petitioner, by an instrument delivered when papers were passed with said Hospital, the two parcels described in said deed, which release has not yet been recorded."

The judge of the Land Court ruled as matter of law that the petitioner did not have a title proper for registration, and ordered the petition dismissed.

The remaining land of the Massachusetts General Hospital,

shown on the plan as lot D, the hospital claims to own. On the other hand, the petitioner contends that it has title in fee to the northerly half of said lot D subject to certain easements. More specifically stated, the petitioner contends that the boundaries in the deed from the Massachusetts General Hospital convey to the petitioner the fee to the middle of lot D subject to certain easements. The question presented for decision is, Does the deed which bounds the land conveyed on an existing way, although not described as such, give the grantee title to the center of the way?

The judge of the Land Court found from the title deeds "that Harvard Place in its generally accepted meaning runs from Washington Street to the easterly end of the land claimed by the petitioner; but that for various purposes of way and drainage said Lot D, or some part of it, has been subject to the rights of surrounding estates as an extension westerly of said Harvard Place," under certain grants of easements which are particularly described by the court. The judge found from the evidence that no use of Lot D was established inconsistent with or additional to the grants of easements which appeared of record.

While it is a general rule that a deed of land bounding on a way, whether public or private, conveys title to the center of the way if the grantor owns that far, yet the question is one of intention in view of all the circumstances. *Codman* v. *Evans*, 1 Allen, 443. *Gould* v. *Eastern Railroad*, 142 Mass. 85. *Gould* v. *Wagner*, 196 Mass. 270. It was said by Holmes, J., in *Crocker* v. *Cotting*, 166 Mass. 183, at page 185, "The rule by which the mention of a way as a boundary in a conveyance of land is presumed to mean the middle of the way, if the way belongs to the grantor, is not an absolute rule of law irrespective of manifest intention, like the rule in Shelley's case, but is merely a principle of interpretation adopted for the purpose of finding out the true meaning of the words used." It is significant that, in the deed on which the petitioner relies, no mention was made of Harvard Place or of any way, other than as appears in the recital that the premises are conveyed "subject to rights, easements, reservations and restrictions" in a deed to the grantor from one

Natale dated February 24, 1913, duly recorded, "so far as now in force and applicable." The judge of the Land Court found that this language was a repetition of what appeared in all prior deeds in the chain of title.

Neither the deed nor the plan recorded with it refers to Lot D as a way or passageway, but designates it in terms as land of the grantor in the description of each of the two parcels conveyed to the petitioner. Although it appears that certain easements of passage and one relating to drainage exist over some part of Lot D, the court has failed to find, and the record does not show, what part of the lot is subject to such easements. It follows that, the southwesterly line of Lot C being fifty-two and twenty-six hundredths feet long, is not found to be coincident with the outer or side line of any right of way. Therefore, it does not appear that the southwesterly boundary of the land conveyed is the northeasterly boundary of any part of any existing way. In these circumstances we need not consider the question, whether a deed which bounds land on an existing way, although not described as such, conveys title to the center of the way. *Lagorio* v. *Lewenberg*, 226 Mass. 464, is distinguishable in its facts from those in the case at bar. In that case a right of way, although not mentioned, was shown on the plan referred to in the deed under which the plaintiff obtained title. *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4. *McDonough* v. *Neighborhood Club of Swampscott, Inc.* 236 Mass. 238.

The language of the deed as the court finds is certain and free from ambiguity. The burden of proof rested upon the petitioner to show that it is entitled to registration of its title. *Hughes* v. *Williams*, 229 Mass. 467. *Levenson* v. *Ciampa*, 251 Mass. 379.

The findings of the Land Court as to questions of fact are final unless unsupported by the evidence. G. L. c. 185, § 15. *Levenson* v. *Ciampa, supra.* It is manifest by the deed and plan accompanying it, from the facts found by the court, and all the circumstances disclosed by the record, that there was no intention on the part of the grantor to convey to the petitioner any interest in Lot D. It follows that the court rightly ruled that the petition should be dismissed.

*Decision affirmed.*