MARY B. BRACKETT *vs.* KATHERINE R. PITCHER & others.

Essex.    November 5, 1936. — December 29, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Deed*, Construction.   *Easement.   Dedication.*

Language of a deed by the owners of some of several lots owned by them on Great Neck in Marblehead, construed in accordance with what the Land Court found to be their intention in developing all their lots for sale, was held to grant an easement, appurtenant to the land conveyed, that rocks, shore and beach between the granted premises and the ocean, title to which was retained by the grantors, be forever kept open for the enjoyment of the grantee and his heirs and assigns, and not to be an attempted dedication which was void because restricted to a special class and not for the benefit of the general public.

PETITION, filed in the Land Court on June 20, 1932, for registration of the title to land.

The petitioner appealed from a decision by *Corbett*, J., that the land was subject to an easement in the respondents.

*G. Newhall*, for the petitioner.

*F. S. Deland*, for the respondents.

QUA, J.   The petitioner is seeking to register her title to a long, narrow strip of irregular shape comprising the rocks, shore and beach which intervene between the easterly lines of the respondents' lots and the ocean at the easterly point of Marblehead Neck in Marblehead.   The respondents insist that the locus is subject to an easement appurtenant to their lots created by a deed given in 1879 to one Gregory, their predecessor in title, by the trustees under the will of

---

Ephraim Brown. Whether or not there is such appurtenant easement is the only question now to be decided.

Ephraim Brown owned over two hundred acres, including nearly all of Marblehead Neck. It is "one of the most picturesque spots on the north shore, commanding a wide view of Marblehead Harbor and the Atlantic Ocean." Brown died in 1861. He devised his entire estate to his trustees with full powers of sale. The trustees made surveys and plans and sold in lots. The deed from the trustees to Gregory refers to a plan of house lots which was recorded on the same day as the deed. It describes various lots shown on the plan and lying westerly of the locus, including what are now the respondents' lands. At the end of the description is the following paragraph: "Together with the right to use as ways such streets and roads as are shown on said plan and the right to use Ocean Avenue as now opened and built. The rocks, shore and beach between the granted premises and the sea on the sea side and between the granted premises and the harbor on the harbor side are to be forever kept open for the enjoyment of all persons who now are or who hereafter may be the owners of real estate on said Great Neck." The habendum reads, "To Have and To Hold the above granted premises with all the privileges and appurtenances thereto belonging to the said James H. Gregory and his heirs and assigns, to their use and behoof forever."

The petitioner contends that this deed did not establish an easement over the locus appurtenant to the land conveyed, but that it manifests instead an attempt to dedicate the right to use the "rocks, shore and beach" to those who were or who might become landowners on the neck, and that as the attempted dedication is restricted to a special class and is not for the benefit of the entire public, it fails and is a nullity. See *Prentiss* v. *Gloucester*, 236 Mass. 36, 54; *Poole* v. *Huskinson*, 11 M. & W. 827; *Trustees of Methodist Episcopal Church of Hoboken* v. *Mayor & Common Council of Hoboken*, 4 Vroom, 13, 18.

The judge found that in some later deeds of other portions of the same tract the trustees granted as expressly appurte-

nant to the premises conveyed the privilege of using in common with others for boating, bathing and recreation portions of the seashore as to which the trustees had power to grant such right, and that "The surveys, plans and deeds made by the trustees in the development and sale of the property seem to indicate an intention on their part to make attractive to prospective purchasers every part of the estate held by them by offering to each, either a lot bounded by the harbor or sea or an upland lot with an easement appurtenant thereto in over [*sic*] land so bounded." He found and ruled that the locus is subject to the provisions of the deed to Gregory and ordered a decree accordingly.

In construing a deed it is the duty of the court to ascertain the intent of the parties from the language used in the light of the surrounding circumstances. *Bessey* v. *Ollman,* 242 Mass. 89. *Briggs* v. *Connors,* 243 Mass. 1. And if the words used will permit, and if no positive rule of law prevents, a construction which will accomplish a reasonable object should be preferred to one which will render the whole attempt void. *Ames* v. *Chandler,* 265 Mass. 428, 432. The words here used, although in form words of covenant rather than of grant and although the idea of appurtenancy is not expressed, are nevertheless adequate to create an easement appurtenant to the granted premises, if that rather than dedication can be seen to have been the intent. *Bronson* v. *Coffin,* 108 Mass. 175, 180. *Hogan* v. *Barry,* 143 Mass. 538. *Crocker* v. *Cotting,* 173 Mass. 68, 70. *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, 409. Plainly the right to use as ways the streets and roads shown on the plan and the right to use Ocean Avenue were intended to be easements appurtenant to the granted premises, although it must have been contemplated that the use would be shared with the purchasers of other lots. The sentence relating to the "rocks, shore and beach" immediately follows. Here too the use was to be shared with other landowners, and it was proper that the deed should so indicate. But this is not inconsistent with a grant of a right appurtenant to the grantee's land. The grantee was probably not greatly concerned with the rights acquired or to be acquired by other landowners in

the rocks, shore and beach, but as a purchaser of house lots at the seashore, he must have been almost, if not quite, as vitally concerned in securing such rights for his own land as he was in securing the rights in the ways mentioned immediately before.  See *Pearson* v. *Allen,* 151 Mass. 79, 82.  The findings tend to show that the grantor trustees also recognized the desirability that rights in the shore should be annexed to lots sold.  The existence of a general plan or scheme has often been relied upon to show that restrictions were intended to be appurtenant to every lot included in the scheme.  *Snow* v. *Van Dam,* 291 Mass. 477.  The habendum refers to "all the privileges and appurtenances thereto belonging."  There is also some force in the thought that trustees selling lots and intending to "dedicate" rights for the benefit of so large an area would be unlikely to choose as their medium for accomplishing that purpose a deed of a part only to a single purchaser.  And if the attempt to dedicate had been made previously in some other manner, there was no necessity for mentioning it in the deed at all.  In *O'Neil* v. *Holbrook,* 121 Mass. 102, a covenant in a deed to a religious society that an adjoining parcel should "forever remain common" was held to create an appurtenant easement.  See *Bacon* v. *Onset Bay Grove Association,* 241 Mass. 417, 423–424.

In view of the facts found, the ruling that the locus is subject to the provisions of the deed to Gregory is right.

*Decision affirmed.*